UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZABRINA FAVRE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CIVIL NO.  1:05cv157 |
| | ) |
| THE PRUDENTIAL INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendant, Prudential Insurance Company of America ("Prudential"), on December 21, 2005.  The plaintiff, Zabrina Favre ("Favre"), filed a response to the motion on January 13, 2006, to which Prudential replied on January 20, 2006.

For the following reasons, the motion to dismiss will be denied.

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a claim for "failure to state a claim upon which relief may be granted." See Fed.R.Civ.P. 12(b)(6). When considering a motion under this rule, courts must examine the sufficiency of the plaintiff's complaint, not the merits of the lawsuit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990); *McAlister v. Golden Books Short Term Disability Plan*, IP 00-0504 C-B/S, 2001 U.S. Dist. LEXIS 8759 at *4-5 (S.D. Ind. Mar. 21, 2001). To survive a motion to dismiss, a "complaint must contain either "direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Herdrich v. Pegram*, 154 F.3d 362, 369 (7th Cir. 1998), *reversed on other grounds*, 530 U.S. 211 (2000).

In considering the Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may consider the group policy submitted by Prudential with its motion. *See, e.g., Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim). Furthermore, the District Court "may take into consideration documents incorporated by reference to the pleadings . . . [and] may also take judicial notice of matters of public record." *U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

When an exhibit contradicts an assertion in the complaint and reveals information which prohibits recovery as a matter of law, the information provided in the exhibits trumps the assertions in the complaint. *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

## Discussion

Favre filed an Amended Complaint against Prudential on October 27, 2005, alleging that Prudential wrongfully terminated her claim for long-term disability ("LTD") benefits under the Employment Retirement Security Act of 1974, 29 U.S.C.§1001 *et seq.* ("ERISA"). As such, Favre's exclusive remedy for the disability benefits she seeks is pursuant to 29 U.S.C. § 1132(a)(1)(B). *See Pilot Life Ins. v. Dedeaux*, 481 U.S. 41(1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

Favre alleges that Prudential issued a group policy that underwrote the disability benefits under the ERISA plan sponsored and maintained by her employer. *See* Plaintiff's Amended Complaint at ¶¶ 1 through 5.  Favre further alleges that she became unable to work on December 4, 2000. *Id.* at ¶ 7.  Favre's allegations, taken as true for purposes of Rule 12(b)(6),

2

and the relevant Policy provisions, are as follows:

As an employee of US Xchange LLC, Favre was a participant in the Employee Long Term Disability Plan ("Plan"), which was an employee welfare benefit plan established and maintained by US Xchange LLC. Amended Complaint at ¶¶ **5, 6**. The Plan benefits were insured under a long term disability group insurance policy, Contract No. DG-61615-MI ("Policy") issued by Prudential.

Favre worked as an account executive in US Xchange LLC's Fort Wayne, Indiana office. Amended Complaint ¶ **6.** She went out of work from her position on December 14, 2000, due to depression, anxiety and insomnia. *Id.* at ¶ **7**. Favre was approved for long term ("LTD") benefits by Prudential effective March 4, 2001. *Id.* at ¶ **8**. Thereafter, Prudential terminated Favre's LTD benefits effective October 1, 2001, and so advised Favre. *Id.* at ¶ **9**.

By correspondence on October 23, 2001, Favre's initial counsel wrote Prudential requesting the reasons for termination as is required under the Policy. Prudential failed to respond to this request and on April 22, 2002, Favre's initial counsel again requested a review of the termination by the Prudential Appeal Review Unit. Prudential wrote back to Favre's counsel on May 7, 2002 to acknowledge receipt of the request and stated they would get back within thirty (30) days with the status of their evaluation. When Prudential failed to communicate with Favre's counsel within the thirty (30) day period, a representative of Favre's initial counsel telephoned Prudential on June 24, 2002 again requesting the termination information and was advised by Kathy Simpson that a response would be forthcoming within two (2) weeks. Prudential again failed to communicate with Favre's counsel within this time frame and in fact never communicated with her counsel again. Favre's initial Complaint against the Plan was filed

3

on May 9, 2005. Favre's amended complaint was filed October 27, 2005.

Prudential seeks to have this action dismissed, arguing that under the terms of the Policy Favre was required to submit written proof of her claim for LTD benefits to Prudential no later than 90 days after the elimination period ended, or June 2, 2001, and any legal action regarding Favre's claim for LTD benefits could be filed up to 3 years from the time proof of claim was required. Thus Prudential contends that Favre's action is time-barred.

The Policy contains the following relevant provisions:

> **What Are the Time Limits for Legal Proceedings?**
> You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.

Policy at p. 23.

> **When Do You Notify Prudential of a Claim?**
> …Written notice of a claim should be sent within 30 days after the date your disability begins. However, you must sent Prudential written proof of your claim no later than 90 days after your elimination period ends…

Policy at p. 22.

> **How Long Must You Be Disabled Before Your Benefits Begin?**
> * * *
> Your elimination period is the shorter of 90 days and the length of time for which you receive loss of time benefits, salary continuation or accumulated sick leave.

Policy at p.10.

The interpretation of the terms and limitations of an ERISA plan must be governed by a uniform body of federal substantive law. *Pilot Life*, 481 U.S. at 56. The body of the federal law is comprised of the ERISA statute itself and, where ERISA is silent, the federal common law of ERISA as developed by the federal courts. *Fox Valley & Vic. Const. Wrkrs. Pension Fund v.*

*Brown*, 897 F.2d 275, 281 (7th Cir. 1990). In developing the federal common law of ERISA, the courts must look to the statute for guidance and, if consistent with the policies underlying ERISA, to state law. *Id*.

It is well-settled that a court interpreting the terms of an ERISA plan must apply the federal common law rules of contract interpretation. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 873-74 (7th Cir. 2001) (*citing Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 419 (7th Cir. 1998); *Brewer v. Protexall, Inc.*, 50 F.3d 453, 457 (7th Cir. 1995)). Those rules require that the plan be interpreted "in an ordinary and popular sense as would a person of average intelligence and experience." *Brewer*, 50 F.3d at 457 (citation and quotation marks omitted). The court first must "determine if the contract at issue is ambiguous or unambiguous." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 873-74 (*citing Grun*, 163 F.3d at 420; *Ryan v. Chromalloy Am. Corp.*, 877 F.2d 598, 602 (7th Cir. 1989). If the court determines that a provision is unambiguous, "it need not consider extrinsic evidence" and should "proceed to declare the meaning" of the provision, *Ryan*, 877 F.2d at 602; *see also Moriarty v. Svec*, 164 F.3d 323, 330 (7th Cir. 1998); *Swaback v. Am. Info. Techs. Corp.*, 103 F.3d 535, 541 (7th Cir. 1996), without looking beyond the "four corners" of the document, *Mathews v. Sears Pension Plan*, 144 F.3d 461, 466 (7th Cir. 1998).

Conversely, where the court determines that a provision is ambiguous, the court "may consider undisputed extrinsic evidence to resolve the ambiguity." *Anstett v. Eagle-Picher Indus.*, 203 F.3d 501, 503 (7th Cir. 2000) (*citing Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1389 (7th Cir. 1993)). Where such extrinsic evidence does not resolve the ambiguity, then the court may apply the doctrine of *contra proferentum*. *See Hall v. Life Ins. Co. of N. Am.*, 317 F.3d 773, 776

(7th Cir. 2003) ("The *contra proferentum* rule … is, however, just a tiebreaker; it does not entitle insureds to prevail simply because lay readers do not know all technical details of insurance law.") (*citing May Dept. Stores. Co. v. Federal Ins. Co.*, 305 F.3d 597, 600 (7th Cir. 2002)); *Bock v. Computer Associates Intl. Inc.,* 257 F.3d 700, 709-10 (7th Cir. 2001) (district court erred in failing to resolve ambiguous term "incentive compensation" in severance pay agreement governed by ERISA); *Marshall v. Clark Equip. Co.*, No. 94 CV 4770, 1995 U.S. Dist. LEXIS 10409 at *10 n.4 (N.D. Ill. July 25, 1995) ("on summary judgment under *de novo* review, once the court determines that an ERISA plan contains ambiguity, the court must consider whether extrinsic evidence creates a genuine issue regarding intent.") (*citing Hickey*, 995 F.2d at 1389).

In short, unambiguous provisions in ERISA plan documents must be interpreted in accordance with their plain meaning and enforced as written. *See Aramony v. United Way Replacement Benefit Plan*, 191 F.3d 140 (2nd Cir. 1999); *Senkier v. Hartford Life & Accident Ins. Co.*, 948 F.2d 1050, 1053 (7th Cir. 1991)(the ordinary-language approach should govern ERISA cases).

Prudential first argues that Favre's own complaint establishes that she failed to meet the contractual limitation to file a lawsuit within three years under the terms of the Policy. To sustain a cause of action for denial of benefits under §1132(a)(1)(B), Favre must first establish that she satisfied the conditions necessary for benefits under the Policy. *Tolle v. Caroll Touch Inc.,* 977 F.2d 1129, 1133 (7th Cir. 1992).  In the present case, as noted, Prudential argues that Favre's lawsuit is time barred because she did not file suit within the contractual limitations period under the Policy.

While this action is unquestionably governed by ERISA, ERISA itself does not contain a

6

statute of limitations for actions pursuant to 29 U.S.C. § 1132. As a result, courts will generally borrow the most analogous state statute of limitations to apply to ERISA claims for benefits. *Teamsters & Emplrs Welfare Trust v. Gorman Bros. Ready Mix,* 283 F.3d 877, 880 (7th Cir. 2002); *Central States, Southeast & Southwest Areas Pension Fund v. Jordan*, 873 F.2d 149, 152, 154 (7th Cir. 1989).

Prudential contends that Favre was required to submit a proof of claim by no later than June 2, 2001 and, according to the Policy, any lawsuit must have been filed on or before June 2, 2004.  Favre did not file her lawsuit until May 9, 2005.

The first issue before the court is whether the 3-year limitation in the Policy applies to terminations of disability payments (as occurred in this case), or only to the denial of initial claims.  A review of the limitation language in the Policy reveals that the language is included in a section titled "Claim Information".  This section has subsections titled: "When Do You Notify Prudential of a Claim?"; "How Do You File a Claim?; "What Information Is Needed as Proof of Your Claim?"; "Who Will Prudential Make Payments To?"; "What Happens If Prudential Overpays Your Claim?"; "What Are the Time Limits for Legal Proceedings"?; and "How Will Prudential Handle Insurance Fraud?".   Clearly, all of these subsections pertain almost exclusively to the filing of an initial claim, rather than to the later termination of benefits.  Thus, using a "plain language" reading of the unambiguous Policy, this court holds that the 3-year limitation contained in the "What Are the Time Limits for Legal Proceedings" applies only to the filing of an initial claim.  To hold otherwise would produce unreasonable and unjust conclusions. For example, Prudential could terminate benefits for every disabled worker three years after the initial proof of claim was filed, regardless of whether the worker was still totally disabled,

7

without suffering legal liability.  This clearly is not a reasonable reading of the Policy.

Benefit claims are governed by analogous state law statutes of limitation, or *if they are reasonable,* by the limitations period set forth in plan documents.  Doe v. Blue Cross, 112 F.3d 869, 864 (7th Cir. 1997). Prudential points to the case of Chilcote v. Blue Cross as evidence that a three year provision is reasonable. Chilcote v. Blue Cross, 841 F. Supp. 877 (E.D. Wis. 1993). Prudential also relies on Ingram v. Travelers Ins. Co., 897 F. Supp. 1160 (N.D. Ind.1995), as well as Doe.

Chilcote, (and Ingram), involved situations where the initial claim was denied, and the three-year statute of limitations began to run from the date "proof of loss" was required by the policy.  As claims are generally denied rather promptly after the "proof of loss" date, the courts held that the three-year statute of limitations was reasonable, at least in instances involving initial denial of claims.  In Doe, also relied upon by Prudential, the case involved a cessation of health benefits that had been initially granted.  The contractual limitations period was "39 months from the date of the services for which benefits are sought" and was held to be "reasonable in general".   112 F.3d 869, 875.  In Doe, unlike the present case, the time limitation began to run *after* the continuing benefits had been denied, not when the initial "proof of claim" was required.  Clearly, Doe, Chilcote and Ingram do not support Prudential's position that the statute of limitations at issue is reasonable as applied to the termination of long-term disability benefits.

Having found that the Policy's three year limitation is not reasonable as applied to the subsequent termination of benefits, the court must determine what statute of limitations applies. There is no federally mandated statute of limitations for ERISA claims and therefore courts look

8

to the most analogous state limitations period in determining the appropriate statute of limitations. See Jenkins, 713 F.2d at 251-252)(holding the employee pension benefit plan under which the appellant was seeking to recover was a written document and the ten-year statute of limitations for written contract applied). However, a plaintiff's claim for statute of limitations purposes is a question of federal law. Id. "Unless a breach of an ERISA trustee's fiduciary duties is alleged, benefit claims should be characterized as a contract action for statute of limitations purposes." Johnson v. State Mut. Life Assurance Co. of American, 942 F.2d 1260, 1262 (8th Cir. 1991).

Favre argues that Indiana's ten year statute of limitations for written contracts applies. It is clear that Favre is correct. As Judge Miller stated in Ingram, " the most analogous state statute of limitations for an action based upon a written ERISA plan is the one for written contracts." 897 F. Supp. at 1164, citing Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan, 713 F2d 247, 252-53 (7th Cir. 1983). Prudential does not dispute that Indiana's statute of limitations for written contracts is ten years. See I.C. 34-11-2-11. Accordingly, this court holds that the statute of limitations for Favre's claim is ten years and that Favre has timely filed her claim against Prudential. Thus, Prudential's motion to dismiss will be denied.

## Conclusion

Based on the foregoing, Prudential's motion to dismiss is hereby DENIED.
Entered: February 23, 2006.

s/ William C. Lee
William C. Lee, Judge
United States District Court