UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZABRINA FAVRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:05cv157 |
| ) | |
| THE PRUDENTIAL INSURANCE ) | |
| COMPANY OF AMERICA ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court on a motion for reconsideration filed by the defendant, The Prudential Insurance Company of America ("Prudential"), on March 2, 2006. The plaintiff, Zabrina Favre ("Favre"), has declined to file a response.

For the following reasons the motion for reconsideration will be denied.

Discussion

On February 23, 2006, this court entered an order denying Prudential's motion to dismiss. Prudential now asks the court to reconsider its order and to grant Prudential's motion to dismiss.

In this case, Favre has sued Prudential pursuant to ERISA, alleging that Prudential wrongfully terminated her claim for long-term disability. Favre had been granted disability benefits effective March 4, 2001. Prudential then terminated Favre's benefits effective October 1, 2001. After corresponding and attempting to correspond with Prudential for quite some time, Favre filed her initial complaint on May 9, 2005, and filed her amended complaint on October 27, 2005. In its motion to dismiss, Prudential argued that Favre's complaint was untimely, as the

Policy at issue provides that suit must be filed within three years.[1]

In its February 23, 2006 Order, this court determined that the 3-year limitation in the Policy applied only to the denial of initial claims, and not to terminations of disability payments, as occurred in this case. The court arrived at this conclusion by applying well-settled federal common law rules of contract interpretation. Nuema, Inc. v. AMP, Inc., 259 F.3d 864, 873-74 (7th Cir. 2001). Those rules require that the plan be interpreted "in an ordinary and popular sense as would a person of average intelligence and experience." Brewer v. Protexall, Inc., 50 F.3d 453, 457 (7th Cir. 1995). Reading the Policy as an average layperson would, this court concluded that the 3-year limitation in the plan applied only to the filing of an initial claim. The court noted that any other reading would be unreasonable, as it would permit Prudential to terminate benefits in every case after three years.

In its motion to reconsider, Prudential states that the Policy clearly states that legal action can be commenced up to 3 years from the time proof of claim is required, and that the Policy makes no distinction between an initial claim or a termination of a claim. Prudential concludes that the limitation period must logically apply to both the initial claim and termination of claims. The court fully understood this argument the first time around, and simply disagrees with Prudential. As discussed fully in the court's earlier order, the placement of the limitations period in the section of the Policy discussing the initial filing of a claim leads a reasonable layperson to the conclusion that the three year limitation applies to the initial filing of a claim. Additionally, this reading makes more sense, as it would be unconscionable for Prudential to limit all actions

---

[1] The Policy language stated that "You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law." Policy at p. 23.

to three years after the filing of the initial proof of claim.  Prudential makes the argument that if it wrongly terminated benefits after providing them to a claimant for three years or more, the plaintiff would still be able to bring suit under the doctrine of equitable estoppel, which would (at least in some instances) provide a plaintiff relief if Prudential's conduct prevented the plaintiff from filing within the limitations period.  The problem with Prudential's argument is that the doctrine of equitable estoppel is not known to the average layperson trying to understand the Policy.  Prudential cannot simply incorporate all known contract law into its Policy, and then assert that its reading of the Policy is reasonable because if a plaintiff were to sue, and could afford a competent attorney who remembered the doctrine of equitable estoppel, the plaintiff might prevail.

     Prudential also suggests that this court misapplied <u>Doe v.  Blue Cross</u>, 112 F.3d 869 (7th Cir.  1997), and "improperly noted" that in <u>Doe</u>, the time limitation began to run after the continuing benefits had been denied, not when the initial "proof of claim" was required.  While Prudential understandably dislikes the fact that the court noticed the distinction between <u>Doe</u> and the present case, the distinction is nevertheless present.   Prudential also correctly states that "[t]he <u>Doe</u> court recognized the Policy contractual limitation could have the effect of barring an insured from suing yet found that the contractual limitation was reasonable in general".  What Prudential fails to see is that <u>Doe</u> does not apply to the present case, for the reasons fully explained in this court's earlier order and reiterated above.  Presumably all statute of limitations bar some insureds from suing; that is what they are there for.  The fact that the <u>Doe</u> court found the limitations period in that case to be reasonable in general does not mean that the limitations period in this case (which case is factually different from <u>Doe</u>) is automatically reasonable as

3

applied to the present plaintiff.

Accordingly, having considered Prudential's arguments set forth in its motion to reconsider, this court declines to disturb its earlier ruling denying Prudential's motion to dismiss.

### Conclusion

On the basis of the foregoing, Prudential's motion for reconsideration is hereby DENIED.

Entered: April 28, 2006.

                                                s/ William C. Lee  
                                                William C. Lee, Judge  
                                                United States District Court